1   [SEE SIGNATURE BLOCK FOR COUNSEL]

2

3

4

5

6
                                                    *E-FILED - 7/21/08*
7

8

9

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                            SAN JOSE DIVISION

13  | In re LEVI STRAUSS & CO., | Case No. C-03-05605 RMW (HRL) |
14  | SECURITIES LITIGATION | And Related Cases |
15  | | CLASS ACTION |
16  | This Document Relates To: | |
17  | ALL ACTIONS. | STIPULATION SUBMITTING REVISED [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT BETWEEN LEVI STRAUSS & CO. AND LEAD PLAINTIFFS AND PROVIDING FOR NOTICE |
18  | | |
19  | | |
20  | | Place: Courtroom 6, Fourth Floor |
21  | | Judge: The Honorable Ronald M. Whyte |
22

23

24

25

26

27

28

**STIPULATION**

WHEREAS, on June 18, 2008, Plaintiffs, the Policemen and Firemen Retirement System of the City of Detroit and Muzinich & Co., Inc. and Defendants Levi Strauss & Co., Inc. ("LS&Co."), Philip A. Marineau, William B. Chiasson, Gary W. Grellman, Peter E. Haas, Sr., Robert D. Haas, Angela Glover Blackwell, Robert E. Friedman, James C. Gaither, Peter E. Haas, Jr., Walter J. Haas, F. Warren Hellman, Patricia Salas Pineda, T. Gary Rogers, G. Craig Sullivan, Tully M. Friedman and Peter A. Georgescu ("Defendants"), submitted a Stipulation Submitting [Proposed] Order Preliminarily Approving Settlement Between Levi Strauss & Co. and Lead Plaintiffs and Providing for Notice;

WHEREAS, pursuant to the Court's request, the parties have revised the [proposed] schedule and moved the deadline to file objections to the Settlement, Plan of Allocation and Request for Attorneys' Fees and Reimbursement of Costs to fourteen (14) days after the deadline for Plaintiffs to file motions and supporting papers for final approval of the Settlement, Plan of Allocation and Request for Attorneys' Fees and Reimbursement of Expenses;

WHEREAS, Plaintiffs and Defendants respectfully request that the Court enter a schedule for consideration of final approval of the Settlement, and propose the following revised schedule:

| DATE | EVENT |
|------|-------|
| **August 1, 2008:** | Notice of Pendency and Proposed Settlement of Class Action (Ex. A-1), and Proof of Claim and Release (Ex. A-2) to be mailed to the Members of the Class. Summary Notice For Publication (Ex. A-3) shall be published once in the national edition of *The Wall Street Journal* and electronically over the *PR Newswire* within two weeks after the mailing of the Notice. |
| **September 12, 2008:** | Last day for Plaintiffs to file motions and supporting papers for final approval of the Settlement; the Plan of Allocation; and Request for Attorneys' Fees, Reimbursement of Costs, and Interest Thereon. |
| **September 26, 2008:** | Deadline to file objections to the Settlement; Plan of Allocation; and Request for Attorneys' Fees, Reimbursement of Costs, and Interest Thereon. Deadline for Class Members to request exclusion from the Class. |

| | | |
|---|---|---|
| 1 | **October 3, 2008:** | Last day for Plaintiffs to file reply memoranda in further support of final approval of the Settlement; the Plan of Allocation; and Request for Attorneys' Fees, Reimbursement of Costs, and Interest thereon. |
| 2 | | |
| 3 | | |
| 4 | **October 17, 2008:** | [Proposed] Date for Hearing on final approval of the Settlement; the Plan of Allocation; and Request for Attorneys' Fees, Reimbursement of Costs. |
| 5 | | |
| 6 | **November 7, 2008:** | Last day for Class Members to file Proof of Claim and Release forms. |
| 7 | | |

8  NOW, THEREFORE, the parties hereby STIPULATE as follows:

9       1.      Plaintiffs and Defendants submit for Court approval the Revised [Proposed] Order

10 Preliminarily Approving Settlement and Providing For Notice, attached hereto as Exhibit A.

11

12 Dated: July 17, 2008                   BERNSTEIN LITOWITZ BERGER
                                          & GROSSMANN LLP

13

14                                        _____/s/ Blair A. Nicholas_____
                                          BLAIR A. NICHOLAS

15

16                                        BLAIR A. NICHOLAS
                                          TIMOTHY A. DeLANGE

17                                        12481 High Bluff Drive, Suite 300
                                          San Diego, CA 92130

18                                        Tel:    (858) 793-0070
                                          Fax:    (858) 793-0323

19                                        KIRBY McINERNEY LLP

20                                        IRA M. PRESS
                                          825 Third Avenue, 16th Floor

21                                        New York, NY 10022
                                          Tel:    (212) 371-6600

22                                        Fax:    (212) 751-2540

23                                        Co-Lead Counsel for the Class

24

25

26

27

28

1

GIBSON, DUNN & CRUTCHER LLP

2
                        _/s/ Scott A. Fink_
                        SCOTT A. FINK
3

4          SCOTT A. FINK
           AUSTIN V. SCHWING
5          REBECCA JUSTICE LAZARUS
           One Montgomery Street, Suite 3100
6          San Francisco, CA 94104
           Tel:   (415) 393-8200
7          Fax:   (415) 986-5309

8          Attorneys for the Defendants
           Levi Strauss & Co., Philip A. Marineau,
9          William B. Chiasson, Gary W. Grellman,
           Peter E. Haas, Sr., Robert D. Haas, Angela
10         Glover Blackwell, Robert E. Friedman,
           James C. Gaither, Peter E. Haas, Jr., Walter
11         J. Haas, F. Warren Hellman, Patricia Salas
           Pineda, T. Gary Rogers, G. Craig Sullivan,
12         Tully M. Friedman and Peter A. Georgescu

13                          **ORDER**

14

15         The Court, having considered the above stipulation of the parties, and good cause

16  appearing therefore, HEREBY ORDERS THAT:

17         1.     The form of the Revised [Proposed] Order Preliminarily Approving Settlement

18  and Providing For Notice attached hereto, and the dates set forth therein, are hereby approved.

19  PURSUANT TO STIPULATION, IT IS SO ORDERED.

20

21  DATED: __ 7/21 _____, 2008          _Ronald M. Whyte_____

22                                            THE HONORABLE RONALD M. WHYTE
                                              United States District Court Judge
23

24

25

26

27

28

# EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

12

NORTHERN DISTRICT OF CALIFORNIA

13

SAN JOSE DIVISION

14

| In re LEVI STRAUSS & CO. SECURITIES LITIGATION | Case No. C-03-05605 RMW (HRL) And Related Cases |
|---|---|
| | **CLASS ACTION** |
| This Document Relates To: | |
| ALL ACTIONS. | |

22

REVISED [PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

23
24
25
26
27
28

WHEREAS:

A.      Plaintiffs, the Police and Fire Retirement System of the City of Detroit and Muzinich & Co., Inc. (together "Plaintiffs") and defendant Levi Strauss & Co. ("LS&Co."), (collectively, the "Settling Parties"), have entered into a settlement (the "Settlement") of the claims asserted against LS&Co. in the class actions consolidated in *In re Levi Strauss & Co. Sec. Litig.*, No. C-03-05605 RMW (HRL), the terms of which are set forth in the Stipulation and Agreement of Settlement dated June 18, 2008 (the "Stipulation"), and any subsequent amendment thereto that may be entered into by the parties;

B.      Plaintiffs and LS&Co. have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement and providing notice of the proposed Settlement to the Settlement Class; and,

C.      The Court, having read and considered the Stipulation, the proposed Notice of Proposed Settlement of Class Action (the "Notice"), the proposed Summary Notice for Publication (the "Summary Notice"), the proposed Plan of Allocation, the proposed form of the Proof of Claim and Release, and the proposed forms of Final Judgment and Order of Dismissal relating to the Settlement, having considered all other papers and arguments submitted in connection with the Settling Parties' motion, and finding that substantial and sufficient grounds exist for entering this Order,

IT IS HEREBY ORDERED:

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation. Any inconsistencies between the Stipulation and the Notice approved herein will be controlled by the language of the Stipulation.

2.      The Court preliminarily approves the Settlement, as reflected in the Stipulation, as being fair, just, reasonable and adequate, pending a final hearing on the Settlement.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, solely for purposes of effectuating this Settlement, a Settlement Class defined as follows:  all persons and entities who purchased or otherwise acquired LS&Co. 11-5/8% and 12-1/4% registered bonds in the aftermarket traceable to the April 2001 Offering Documents and the

June 2003 Offering Documents, respectively, and who were damaged thereby.  Excluded from the Class are:  Defendants herein; members of the families of each of the Individual Defendants; any parent, subsidiary, affiliate, partner, officer, executive or director of any Defendant; any entity in which any such excluded person has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person or entity.

4.    Prosecution of any action or claim that is subject to the release, dismissal, or bar order contemplated by the Settlement is hereby enjoined, pending further order of the Court.

**NOTICE**

5.    Plaintiffs shall provide to members of the Settlement Class the Notice of Proposed Settlement of Class Action, including notice of the hearing on the proposed Settlement, the request for approval of the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and payment of expenses as follows:

a.    No later than fourteen (14) days after entry of this Notice Order (the "Notice Date"), a copy of the Notice, together with a copy of the Proof of Claim and Release form (the "Proof of Claim"), substantially in the form annexed hereto as Exhibits A-1 and A-2, respectively, shall be mailed by first-class mail, postage prepaid, to all members of the Settlement Class, as set forth in the records of LS&Co. or its transfer agent, or who are identified by further reasonable efforts;

b.    A Summary Notice substantially in the form annexed hereto as Exhibit A-3 shall be published once in the national edition of *The Wall Street Journal* and further published electronically over the *PR Newswire* within two weeks after the mailing of the Notice; and

c.    The Notice, Summary Notice and Proof of Claim shall further be placed on the website maintained by the Claims Administrator, as approved herein by the Court.

6.    The Court approves the form of Notice and Summary Notice (together, the "Notices") and Proof of Claim and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 5 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and constitute the best notice practicable under the circumstances.

7.      To effectuate the provision of notice provided for in paragraph 5 hereof, and the collection, analysis and determination of Proofs of Claim submitted in accordance with the terms of the Notice, and other actions required by this Order, Lead Counsel are authorized to retain The Garden City Group, Inc., or such other similarly qualified entity as may be required, as Claims Administrator and may, upon approval of Plaintiffs, pay the reasonable and customary fees and costs associated with the review of claims and administration of the Settlement out of the Notice and Administration Fund, or the Settlement Fund as appropriate, without further order of the Court.

6.      To further effectuate the provision of notice provided for in paragraph 5 hereof, the Claims Administrator shall lease and maintain a post office box of adequate size for the return of Proofs of Claim.  All Notices to members of the Settlement Class shall designate said post office box as the return address for the purposes designated in the Notices. The Claims Administrator shall be responsible for the receipt of all responses from members of the Settlement Class and, until further order of the Court, shall preserve all entries of appearance, Proofs of Claim, Requests for Exclusion and all other written communications from members of the Settlement Class, nominees or any other person in response to the Notices.  The costs of notification to the Settlement Class, including printing, mailing and publication of all required notices, shall be paid out of the Notice and Administration Fund.  In accordance with the Stipulation, Lead Counsel may draw upon the Notice and Administration Fund to pay the costs of notice and settlement administration.

7.      Thirty five (35) days before the date fixed by this Court for the Fairness Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

8.      All nominees who hold or held LS&Co. publicly traded bonds for beneficial owners who are members of the Settlement Class are directed to forward the Notice and Proof of Claim to such beneficial owners or, in the alternative, to supply to the Claims Administrator any

1  names and addresses of such beneficial owners, as set forth in the Notice.

2       9.    Lead Counsel are authorized and directed to prepare any tax returns required to be

3  filed on behalf of the Settlement Fund and to cause any taxes due and owing to be paid from the

4  Settlement Fund.

5       10.    In order to effectuate the provisions of paragraph 31 of the Stipulation, any

6  Request for Exclusion forms must be submitted no later than September 26, 2008.  Within three

7  (3) business days of receipt by Lead Counsel or the Claims Administrator of any Request for

8  Exclusion, copies of all such forms shall be provided to counsel for LS&Co.  Further, after the

9  close of the opt-out period, counsel for the Settling Parties shall confer in good faith to perform

10 the calculations provided for in paragraph 31 of the Stipulation.

11 **HEARING:  RIGHT TO BE HEARD**

12      13.    There shall be a hearing on October 17, 2008, at 9:00 a.m. (the "Fairness

13 Hearing") at which time the Court shall address the fairness, reasonableness and adequacy of the

14 Settlement, the fairness and reasonableness of the Plan of Allocation, and Lead Counsel's

15 application for attorneys' fees and payment of expenses.  The Fairness Hearing shall be held at

16 the United States District Court for the Northern District of California, Courtroom 6, 4th floor,

17 280 South First Street, San Jose, California 95113.

18      14.    Papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's

19 application for attorneys' fees and payment of expenses shall be submitted by September 12,

20 2008.

21      15.    Any Class Member may appear at the Fairness Hearing to show cause why the

22 proposed Settlement should or should not be approved as fair, reasonable and adequate; why the

23 Judgment should or should not be entered; why the Plan of Allocation should or should not be

24 approved as fair and reasonable; or why Lead Counsel should or should not be awarded

25 attorneys' fees and payment of expenses in the amounts sought by Lead Counsel with the

26 approval of Plaintiffs; *provided, however,* that no Class Member shall be heard or entitled to

27 contest the approval of the terms and conditions of the proposed Settlement, the Judgment and

28 Orders to be entered approving the same, the proposed Plan of Allocation or Lead Counsel's

application for an award of attorneys' fees and reimbursement of expenses, unless on or before September 26, 2008, such Class Member has properly and timely served by hand or by first-class mail for receipt by such date by the counsel listed below written objections and copies of any supporting papers and briefs (which must contain proof of all purchases, acquisitions, sales and dispositions of publicly traded bonds of LS&Co. made by such Class Member) upon Lead Counsel, and counsel for LS&Co.:

LEAD COUNSEL FOR PLAINTIFFS AND THE CLASS

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
Blair A. Nicholas, Esq.
Timothy DeLange, Esq.
12481 High Bluff Drive, Suite 300
San Diego, CA 92130

KIRBY McINERNEY LLP
Ira M. Press, Esq.
825 Third Avenue, 16th Floor
New York, NY 10022

COUNSEL FOR DEFENDANT LS&CO.

GIBSON, DUNN & CRUTCHER LLP
Scott A. Fink, Esq.
Austin V. Schwing, Esq.
Rebecca Justice Lazarus, Esq.
One Montgomery Street, Suite 3100
San Francisco, CA 94104

and has filed by September 26, 2008 said objections, papers and briefs with the Clerk of the United States District Court for the Northern District of California.

16.     Any Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgments and orders to be entered approving the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees and payment of expenses.

17.     In the event any Class Member timely and properly serves and files written objections, as set forth above, Lead Counsel, and counsel for LS&Co. may, as they deem

1  appropriate, submit reply papers in support of the Settlement, the Plan of Allocation, or Lead

2  Counsel's application for attorneys' fees and payment of expenses by October 3, 2008.

3      18.    If approved, all Class Members will be bound by the proposed Settlement

4  provided for in the Stipulation, and by any judgment or determination of the Court affecting

5  Class Members, regardless of whether or not a Class Member submits a Proof of Claim.

6      19.    The Court expressly reserves the right to adjourn or continue the Fairness

7  Hearing, or any adjournment or continuance thereof, without any further notice other than an

8  announcement at the Fairness Hearing or any adjournment or continuance thereof, and to

9  approve the Stipulation with modification and without further notice to members of the

10  Settlement Class. The Court retains jurisdiction of this Action to consider all further applications

11  arising out of or connected with the proposed Settlement, and as otherwise warranted.

12  **CLAIMS PROCESS**

13      20.    In order to be entitled to participate in the Settlement, a Class Member, as defined

14  in the Stipulation, must have timely submitted a valid Proof of Claim, substantially in the form

15  annexed as Exhibit A-2 hereto, to:

16  *In re Levi Strauss & Co. Sec. Litig.*
    c/o The Garden City Group, Claims Administrator
17  P.O. Box _____

18  To be valid and accepted, a Proof of Claim submitted in connection with this Settlement must be

19  postmarked on or before November 7, 2008.

20      21.    Any Class Member who does not timely submit a valid Proof of Claim shall not

21  be entitled to share in the Settlement Fund, except as specifically ordered by the Court, but

22  nonetheless shall be barred and enjoined from asserting any of the Released Claims, including

23  Unknown Claims, and shall be bound by any judgment or determination of the Court affecting

24  the Class Members.

25      22.    Once the Claims Administrator has considered a timely submitted Proof of Claim,

26  Lead Counsel, through the Claims Administrator, shall determine, based upon the Plan of

27  Allocation, as approved by the Court, whether such claim is valid, deficient or rejected. For each

28  claim determined to be either deficient or rejected, the Claims Administrator shall send a

deficiency letter or a rejection letter, as appropriate, describing the bases on which the claim was so determined. Each Class Member who receives a deficiency letter or rejection letter shall have 30 days from the date of such letter to supply to the Claims Administrator documentation and/or an explanation sufficient to remedy the deficiency or rejection. Any Class Member who receives a deficiency letter or a rejection letter and who fails to submit documentation or explanation sufficient to remedy the deficiency or reason for rejection within the time prescribed herein shall have such claim deemed finally rejected. Such finally rejected claims shall be submitted to the Court as rejected claims at such time as Plaintiffs move the Court for an Order approving distribution of the Net Settlement Fund, unless the recipient objects in writing to the deficiency letter or rejection letter, in which case the claim shall be submitted to the Court as a disputed claim. Notice of any hearing on such motion shall be provided to all Class Members whose claims are disputed.

23.     If a Class Member timely responds to a deficiency letter or rejection letter by providing an explanation and/or documentation in response to such a deficiency letter or rejection letter, Lead Counsel, through the Claims Administrator, shall determine whether such explanation and/or documentation is sufficient to remedy the deficiency or reason for rejection. If Lead Counsel, through the Claims Administrator, determines that the explanation and/or documentation submitted in response to the deficiency letter or the rejection letter is sufficient, such claim shall be deemed a valid claim. If, on the other hand, Lead Counsel, through the Claims Administrator, determines that the explanation and/or documentation is not sufficient to remedy the deficiency or reason for rejection, such claim shall be deemed finally rejected. Such finally rejected claims shall be submitted to the Court as disputed claims at such time as Plaintiffs move the Court for an Order approving distribution of the Net Settlement Fund. Notice of any hearing on such motion shall be provided to all Class Members whose claims are disputed.

24.     There shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and is affirmed on appeal or certiorari or is no longer subject to review by appeal or certiorari and the time for any petition for rehearing,

1    appeal, or review, whether by certiorari or otherwise, has expired.

2          25.     The Court shall retain continuing jurisdiction over the Settlement, as well as the

3    administration thereof.

4    **IT IS SO ORDERED.**

5    Dated: _____         _____

6                                       THE HONORABLE RONALD M. WHYTE

7                                       United States District Court Judge