1

2

3

4

5

6

7

8

9

10

**FILED**

2008 OCT 17 A 9 13

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

11

UNITED STATES DISTRICT COURT

12

NORTHERN DISTRICT OF CALIFORNIA

13

SAN JOSE DIVISION

14
15
16

In re LEVI STRAUSS & CO.
SECURITIES LITIGATION

Case No. C-03-05605 RMW (HRL)
And Related Cases

CLASS ACTION

17
18

This Document Relates To:

    ALL ACTIONS.

19

20

21

22

[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

23

24

25

26

27

28

1       This matter came for hearing on October 17, 2008 (the "Final Approval Hearing"), upon

2   the application of the parties for approval, pursuant to Rule 23(e) of the Federal Rules of Civil

3   Procedure, of the Settlement set forth in the Stipulation of Settlement, dated June 18, 2008,

4   between Plaintiffs, on behalf of themselves and each of the Class Members, and Defendants Levi

5   Strauss & Co. ("LS&Co."), Philip A. Marineau, William B. Chiasson, Gary W. Grellman, Peter

6   E. Haas, Sr., Robert D. Haas, Angela Glover Blackwell, Robert E. Friedman, James C. Gaither,

7   Peter E. Haas, Jr., Walter J. Haas, F. Warren Hellman, Patricia Salas Pineda, T. Gary Rogers, G.

8   Craig Sullivan, Tully M. Friedman, and Peter A. Georgescu (the "Stipulation"), which

9   Stipulation is incorporated herein by reference.  Due and adequate notice of the Stipulation,

10  Judgment, and Final Approval Hearing having been given to the Class Members, and the Court

11  having considered all papers filed and proceedings had herein and otherwise being fully

12  informed in the premises and good cause appearing therefore, and a determination having been

13  made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no

14  justification for delay, and it having therefore been expressly directed that final judgment therein

15  accordingly be made herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

16      1.      This Judgment hereby incorporates by reference the definitions in the Stipulation,

17  and all terms used herein shall have the same meanings as set forth in the Stipulation.

18      2.      This Court has jurisdiction to enter this Judgment.  The Court has jurisdiction

19  over the subject matter of the Action and over all parties to the Action, including all Class

20  Members.

21      3.      The Court finds that each of the prerequisites for a class action under Federal

22  Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Class

23  Members is so numerous that joinder of all members thereof is impracticable; (b) there are

24  questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the

25  claims of the Class they seek to represent; (d) the Plaintiffs have and will fairly and adequately

26  represent the interests of the Class; (e) the questions of law and fact common to the members of

27  the Class predominate over any questions affecting only individual members of the Class; and (f)

28

1   a class action is superior to other available methods for the fair and efficient adjudication of the

2   controversy.

3      4.     Pursuant to Rule 23 of the Federal rules of Civil Procedure, the Court hereby

4   certifies, solely for purposes of effectuating this Settlement, a Settlement Class defined as: all

5   persons and entities who purchased or otherwise acquired LS&Co. 11-5/8% and 12-1/4%

6   registered bonds in the aftermarket traceable to the April 2001 Offering Documents and the June

7   2003 Offering Documents, respectively, and who were damaged thereby. Excluded from the

8   Class are: Defendants herein; members of the families of each of the Individual Defendants; any

9   parent, subsidiary, affiliate, partner, officer, executive or director of any Defendant; any entity in

10   which any such excluded person has a controlling interest; and the legal representatives, heirs,

11   successors and assigns of any such excluded person or entity.

12      5.     Notice of the pendency of this Action as a class action and of the proposed

13   Settlement was given to all Class Members who could be identified with reasonable effort. The

14   form and method of notifying the Class of the pendency of the action as a class action and of the

15   terms of the proposed Settlement met the notice requirements of due process, Rule 23 of the

16   Federal Rules of Civil Procedure, and § 27(a)(7) of the Securities Act of 1933, 15 U.S.C. 77z-

17   1(a)(7), as amended by the Private Securities Litigation Reform Act, and constituted the best

18   notice practicable under the circumstances, and constituted due and sufficient notice to all

19   persons and entities entitled thereto.

20      6.     Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil

21   Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed

22   to all Persons who are Class Members, advising them of the Settlement, the Plan of Allocation,

23   and Lead Counsel's right to apply for attorney's fees and reimbursement of expenses associated

24   with the Action, and of their right to object thereto, and a full and fair opportunity was accorded

25   to all Persons who are Class Members to be heard with respect to the foregoing matters. Thus, it

26   is hereby determined that all Class Members who did not timely and properly elect to exclude

27   themselves by written communication postmarked or delivered on or before the date set forth in

28   the Notice of Proposed Settlement and the Notice Order, are bound by this Judgment.

1      7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
2  approves the Settlement, as set forth in the Stipulation, and finds that the Settlement is, in all
3  respects, fair, reasonable and adequate, and in the best interests of the Class Members, including
4  Plaintiffs. This Court further finds that the Settlement set forth in the Stipulation is the result of
5  arm's-length negotiations between experienced counsel representing the interests of Plaintiffs,
6  Class Members, and Defendants. Accordingly, the Settlement embodied in the Stipulation is
7  hereby approved in all respects and shall be consummated in accordance with the terms and
8  provisions of the Stipulation.

9      8.      The Action is dismissed on the merits with prejudice as to Defendants, without
10  costs to any party as against any other.

11      9.      Plaintiffs and all Class Members, the successors and assigns of any of them, and
12  anyone claiming through or on behalf of any of them, whether or not they execute and deliver a
13  Proof of Claim, are forever enjoined and permanently barred from commencing, instituting or
14  prosecuting, either directly, derivatively, representatively or in any other capacity, any and all
15  Released Claims that have been or might have been asserted against Defendants or any of the
16  Released Parties.

17      10.     The Released Claims are hereby ordered as compromised, settled, released,
18  discharged, and dismissed as to each of the Released Parties on the merits and with prejudice by
19  virtue of the proceedings herein and this Judgment.

20      11.     Upon the Effective Date, as defined in the Stipulation, Plaintiffs and each of the
21  Class Members shall be deemed to have, and by operation of this Judgment shall have, fully,
22  finally and forever released, relinquished, settled and discharged any and all Released Claims
23  (including Unknown Claims) against the Released Parties and any claims or potential claims that
24  could be asserted in connection with the resolution of the Action or Released Claims, whether or
25  not Plaintiffs and Class Members execute and deliver Proof of Claim and Release forms.

26      12.     Upon the Effective Date, each of the Released Parties shall be deemed to have,
27  and by operation of this Judgment shall have, fully, finally and forever released, relinquished and

28

1  discharged the Released Claims as against Plaintiffs, each and all Class Members and Lead
2  Counsel and their agents.

3      13.    The Released Parties are hereby discharged from all claims for contribution by
4  any person or entity, whether arising under state, federal or common law, based upon, arising out
5  of, relating to, or in connection with the Released Claims of the Class or any Class Member.
6  Accordingly, the Court hereby bars all claims for contribution:  (a) against the Released Parties
7  by any person or entity; and (b) by the Released Parties against any person or entity.

8      14.    Neither the Stipulation, nor any of its terms and provisions, nor any of the
9  negotiations or proceedings connected with it, nor any of the documents or statements referred to
10  therein shall be:

11      a.  Offered in evidence as proof of liability or a presumption, concession or an
12  admission by any of the Released Parties of the truth of any fact alleged or the
13  validity of any claim that has been, could have been or in the future might be
14  asserted in the Action, or otherwise against the Released Parties, or of any
15  purported liability, fault, wrongdoing or otherwise of the Released Parties; or

16      b.  Offered or received in evidence as proof of a presumption, concession or an
17  admission of any purported liability, wrongdoing, fault, misrepresentation or
18  omission in any statement, document, report or financial statement heretofore or
19  hereafter issued, filed, approved or made by any of the Released Parties or
20  otherwise referred to for any other reason, other than for the purpose of and in
21  such proceeding as may be necessary for construing, terminating or enforcing the
22  Stipulation; or

23      c.  Construed as a concession or an admission that the Plaintiffs or the Class
24  Members have suffered any damage; or

25      d.  Construed as or received in evidence as an admission, concession or presumption
26  against Plaintiffs or the Class Members, or any of them, that any of their claims
27  are without merit or that damages recoverable in the Action would not have
28  exceeded the Settlement Fund.

15.     Notwithstanding the provisions of paragraph 14, the Stipulation and the Exhibits may be filed in this Action or related litigation as evidence of the Settlement or in any subsequent action against or by the Defendants to support a defense of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) hearing and determining Plaintiffs' application for approval of the proposed Plan of Allocation; (b) implementation and enforcement of this Settlement, the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's applications for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants, and the award of reasonable costs and expenses (including lost wages) directly related to the representation of the Class to Plaintiffs serving on the behalf of the Class; (e) enforcing and administering this Judgment; (f) enforcing and administering the Stipulation including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

17.     Defendants shall have no obligation to make any payment into the Escrow Account except as specifically provided in paragraphs 2 and 6 of the Stipulation, and there shall be no distribution of any of the Settlement Amount to any Class Member until a plan of allocation is finally approved and is affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

18.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

19.     Separate orders shall be entered to approve (a) Plaintiffs' proposed Plan of Allocation, and (b) Lead Counsel's application for fees and reimbursement of litigation expenses

1  as allowed by the Court.  Such orders shall not disturb or affect any of the terms of this

2  Judgment.

3     20.     In the event that the Settlement does not become effective in accordance with the

4  terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is

5  returned to Defendants and is not replaced by others, then this Judgment shall be rendered null

6  and void to the extent provided by and in accordance with the Stipulation (particularly

7  paragraphs 30 and 31 of the Stipulation), and shall be vacated to the extent provided by the

8  Stipulation and, in such event, all orders entered and releases delivered in connection herewith

9  shall be null and void to the extent provided by and in accordance with the Stipulation.  The

10 Settlement Fund plus accrued interest, less any notice costs, administration costs, taxes or tax

11 expenses paid or owing shall be returned in full as provided in paragraph 32 of the Stipulation.

12    21.     Without further order of the Court, the Settling Parties may agree to reasonable

13 extensions of time to carry out any of the provisions of the Stipulation.

14    20.     There is no just reason for delay in the entry of this Judgment and immediate

15 entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules

16 of Civil Procedure.

17 **IT IS SO ORDERED.**

18 Dated:  _10/17/08_

19                          THE HONORABLE RONALD M. WHYTE
                           United States District Court Judge

20

21

22

23

24

25

26

27

28