E-Filed 10/14/09

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| IN RE LEVI STRAUSS & CO. SECURITIES LITIGATION | No. C-03-05605 RMW (HRL) |

## [~~PROPOSED~~] ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND

Plaintiffs, the Policemen and Firemen Retirement System of the City of Detroit and Muzinich & Co., Inc., moved this Court for an Order approving a distribution plan for the Net Settlement Fund, and the Court having considered all materials and argument submitted in support of the motion, including the memorandum in support, the Declaration Of Jennifer M. Keough Regarding Distribution Of The Net Settlement Fund ("Keough Declaration"), and the Declaration of Timothy A. DeLange In Support Of Motion To Distribute The Settlement Fund ("DeLange Decl."), submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The administrative recommendations to accept Claims, including the Claims filed after the November 7, 2008 deadline ("Late Claims") but before the date of the Keough Declaration, and to reject wholly ineligible or otherwise deficient Claims, as recommended by the Claims Administrator, The Garden City Group, Inc., as stated in the Keough Declaration, are adopted;

2. Distribution of the Net Settlement Fund (after deduction for the payments for accrued and anticipated expenses and taxes as authorized by the Stipulation or the Court) to the Authorized Claimants pursuant to the Court-approved Plan of Allocation is directed;

3. The distribution drafts may state that the distribution check must be cashed within 120 days;

4. The recommended plan for the remaining funds following distribution is adopted as follows:

>   a. If GCG and Lead Counsel determine that it is cost-effective, not less than six months after the distribution, a further distribution of the Net Settlement Fund should be conducted, pursuant to which all funds from undeliverable, uncashed, or returned checks, after payment to any Claimants who validly contest and support the amount they deserve and payment of any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund, shall be distributed to Authorized Claimants who cashed their distribution checks and who would receive at least $25 in such further distribution based on their Recognized Loss, with additional redistributions thereafter in six-month intervals until GCG and Lead Counsel determine that further redistribution is not cost-effective; and
>
>   b. At such time as GCG and Lead Counsel determine that further redistribution is not cost-effective, donation of the balance of the Net Settlement Fund, after payment of any unpaid costs or fees associated in connection with administering the Net Settlement Fund, to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

5. Class Members are barred from making any further claim against the Net Settlement Fund;

6. Destruction of paper copies of the Claim Forms and electronic copies of Claims records one and three years after final distribution, respectively, is authorized;

7. Payment from the Settlement Fund in the total amount of $204,249.17 for expenses incurred in connection with the creation of the plan of allocation for distribution of the settlement funds, and the claims administration process, is authorized; and

8. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any such other and further relief as this Court deems appropriate.

1   IT IS SO ORDERED.
2
3   DATED:  10/14/09                    /s/ Ronald M. Whyte
                                        THE HONORABLE RONALD M. WHYTE
4                                       United States District Court Judge